UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY HUBBARD,<br><br>          Petitioner,<br><br>     v.<br><br>TOM L. CAREY,<br><br>          Respondent. | No. 02-cv-00023-TLN-KJN<br><br>**ORDER DENYING MOTION TO RECONSIDER** |

Petitioner Sidney Hubbard ("Petitioner") filed the instant action on January 4, 2002. (Petition, ECF No. 1.) On April 9, 2007, Magistrate Judge Kimberly J. Mueller issued a Finding and Recommendation ("F&R"), advising that the petition be denied. (F&R, ECF No. 81.) On August 8, 2007, District Court Judge Arthur L. Alarcon issued an order adopting the F&R. (Order, ECF No. 89.) Petitioner appealed the judgment. On October 4, 2010, the Ninth Circuit affirmed the district court.

On January 21, 2015, Petitioner filed a Motion to Vacate the District Court's Judgment Pursuant to Federal Rule of Civil Procedure 60(b). (ECF No. 107.) Because Senior Circuit Judge Arthur L. Alarcon has concluded his term of appointment with the Eastern District of California, this case was reassigned to the undersigned for all further proceedings. (ECF No. 109). On February 10, 2015, Respondent filed a Motion for Enlargement of Time in order to respond to Petitioner's motion to vacate. (ECF No. 108.) On February 11, 2015, Magistrate Judge Kendall

1

Newman granted Respondent's request for an enlargement of time. (Order, ECF No. 110.) This Court has reviewed Petitioner's Motion to Vacate and has determined that further briefing will not be helpful. Accordingly, the Court hereby VACATES the Order Granting Respondent's Motion for Extension of Time (ECF No. 110) and for the reasons stated below DENIES Petitioner's Motion to Vacate (ECF No. 107).

Federal Rule of Civil Procedure 60(b) ("Rule 60") states as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(c) provides that a "Rule 60(b) [motion] must be made within a reasonable time—and for reasons (1), (2), and (3) **no more than a year after the entry of the judgment** or order or the date of the proceeding." (emphasis added)

According to the rule, such motions must be brought within a "reasonable time" and in any event not longer than one year after the judgment was entered. *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). This motion was brought over seven years after the August 8, 2007, Order adopting the F&R. The crux of Petitioner's argument is that his first habeas counsel was deficient. However, Petitioner admits that he received new counsel in 2005. Furthermore, Petitioner's incompetency claim relies on California Bar records showing that his previous counsel was disbarred in 2006. Petitioner has not provided this Court with a persuasive reason for any delay that would usher this motion into the "reasonable" time frame required under Rule

60(c).  Bringing the instant motion nine to ten years after the alleged conduct is not reasonable. As such, the Court DENIES Petitioner's Rule 60(b) motion (ECF No. 109.)[1]

     IT IS SO ORDERED.

Dated:  February 18, 2015

Troy L. Nunley
United States District Judge

---

[1] Because the instant motion is time barred, the Court declines to address the merits of Petitioner's motion.