UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY SCOTT HUBBARD,<br><br>          Petitioner,<br><br>     v.<br><br>TOM L. CAREY,<br><br>          Respondent. | No. 2:02-cv-0023 TLN KJN P<br><br><br><br>ORDER |

    Petitioner is a state prisoner, proceeding without counsel. On March 5, 2015, Petitioner filed a motion for reconsideration of the Court's February 19, 2015, order denying his motion to vacate the judgment; in the alternative, Petitioner requests to appeal the February 19, 2015, order, and asks the Court to grant a certificate of appealability. For the reasons set forth below, the Court denies Petitioner's motion for reconsideration.

Background

    On April 9, 2007, the assigned magistrate judge recommended that the instant petition be denied. (ECF No. 81.) On August 9, 2007, the assigned district judge adopted the findings and recommendations, and denied Petitioner's application for writ of habeas corpus. (ECF Nos. 89.) Petitioner's request for a certificate of appealability was denied on August 30, 2007. (ECF No. 93.) He filed an appeal and on April 21, 2010, the decision of the district court was affirmed by the Court of Appeals for the Ninth Circuit. (ECF No. 105.) On January 21, 2015, Petitioner filed

1

a motion to vacate the judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 107.) On February 19, 2015, Petitioner's motion to vacate was denied as untimely because it was brought over seven years after the final entry of judgment.

Standards For Motions To Reconsider

Although motions to reconsider are directed to the sound discretion of the court, FritoLay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." Id. The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064, 106 S. Ct. 1374, 89 L.Ed.2d 601 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D. Cal.1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa.1991). These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

In his motion for reconsideration, Petitioner argues that he can demonstrate due diligence in bringing the motion to vacate seven years after judgment to support his claim of abandonment of counsel during the federal habeas corpus proceedings. (ECF No. 112 at 2.) Petitioner sets forth the following chain of events:

////

In 2000, the declaration of Richard Ward and an investigative report from former 7-11 manager Linda Hendricks were obtained. In January of 2002, habeas counsel filed the Ward declaration in support of the amended federal habeas petition. In 2005, habeas counsel sanctioned a second round of investigation, which resulted in three additional investigative reports, none of which were submitted during the federal habeas proceedings or in a state habeas proceeding. Following the second round of investigation, in 2006, Petitioner moved to remove habeas counsel and filed complaints with the California State Bar. Petitioner claims that after that, he "consistently sought assistance" from lawyers, law schools and innocence projects, requested documents from law enforcement, sent correspondence concerning the victim, and attempted to locate and contact potential witnesses who knew the victim. In February of 2013, Petitioner's relative obtained information concerning the victim, which led Petitioner to seek and obtain the victim's autopsy report, and attempt to obtain further information from the victim's employer. In April of 2013, Petitioner contacted a private investigator who agreed to investigate Petitioner's case, and in January of 2014, the investigator provided Petitioner the investigative report dated January 9, 2014. Petitioner argues that filing the motion to vacate the judgment prior to receiving the investigative report would have been premature, and argues that his motion to vacate was filed within one year after he obtained the investigative report. In addition to citing other out of circuit authorities, Petitioner contends that his case is similar to Butz v. Mendoza-Powers, 474 F.3d 1193 (9th Cir. 2007), where the prisoner wrote letters of complaint to counsel and then filed a complaint with the California State Bar, and the Ninth Circuit remanded the case for factual determinations as to timeliness and the merits of the Rule 60(b) motion. (ECF No. 112 at 6.) Petitioner contends that his first habeas counsel's conduct forced Petitioner to conduct a belated investigation and to re-examine old leads. (ECF No. 112 at 6-7.)

Petitioner's reliance on Butz is unavailing. In Butz, the first habeas counsel completely abandoned the prisoner after accepting the $5,000 retainer and failing to pay the court's filing fee, which resulted in the dismissal of the first federal habeas petition. Id., 474 F.3d at 1194-95. Here, the record reflects that Petitioner's first habeas counsel timely filed the federal petition for writ of habeas corpus, and an amended petition, and also filed motions for an evidentiary hearing

and for discovery. In counsel's response to Petitioner's motion to remove counsel, counsel noted that the case was difficult, and that counsel had worked in excess of 100 hours on the case. (ECF No. 48 at 3.) Counsel stated he sent 22 letters to Petitioner and reviewed about 15 letters from him, and also received about 25 phone calls from Petitioner, averaging about 15 minutes each. Counsel also noted he had spent hours trying to obtain records, and directing an investigator to obtain statements and serve a subpoena. (Id.) Thus, while Petitioner disagrees with the manner in which his first habeas counsel handled the case, the record does not reflect that his first habeas counsel abandoned Petitioner as counsel did in Butz.

Moreover, as noted in this Court's prior order, Petitioner concedes that he was provided new habeas counsel in 2005. The record reflects that the federal defender was appointed to represent Petitioner on May 26, 2005. On July 25, 2005, the federal defender was granted leave to conduct discovery, filed a traverse almost a year later on June 26, 2006, and filed objections to the April 9, 2007 findings and recommendations. It was Petitioner's first habeas counsel, not the federal defender, who was disbarred in 2006.

Therefore, the request for reconsideration of the February 19, 2015 order is denied. Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4). Petitioner's motion does not describe new or different facts or circumstances that warrant reconsideration of the February 19, 2015 order.

## Alternative Arguments

In the event Petitioner's request for reconsideration was denied, Petitioner timely sought to appeal the February 19, 2015 order, and asked the Court to issue a certificate of appealability.

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.

4

Fed. R. App. P. 22(b).

Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253, but will direct the Clerk of the Court to process Petitioner's appeal.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for reconsideration (ECF No. 112) is denied;

2. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253; and

3. The Clerk of the Court shall process Petitioner's March 5, 2015 notice of appeal from the February 19, 2015 order.

Dated: October 23, 2015

Troy L. Nunley
United States District Judge